## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Tidewater Psychiatric Institute, Inc.

v.

Christopher M. G. Buttery
and First Hospital Corp.
of Virginia Beach, Inc.

July 8, 1988

Case No. (Chancery) CH-87-2984

By JUDGE WALTER J. FORD

The Court has reviewed the record in this matter and has read the Petition for Appeal and all briefs filed herein. In this matter, Tidewater Psychiatric Institute, Inc. (TPI) appeals the decision of the State Health Commissioner (Commissioner) awarding First Hospital Corporation of Virginia Beach (FHCVB) a Certificate of Public Need (COPN).

TPI argues that it should be declared a party showing good cause as provided in Section 32.1-102.6(E) of the Code of Virginia. It asserts that it has standing to prosecute this appeal, and the Court should grant its Petition for Appeal based on four independent grounds:

1. FHCVB's certificate was awarded on an incomplete application in violation of Virginia Code Section 32.1-102.6.

2. FHCVB's application understated capital costs by more than ten percent and therefore required amendment and resubmission.

3. FHCVB's application contained willful or reckless misstatements and omissions requiring its rejection.

4. The award of FHCVB's certificate was inconsistent with the State Health Plan and the State Medical Facilities Plan.

TPI's first ground is that the application of FHCVB is incomplete because it failed to properly answer Section I-F of the application form as required by Section 7.3 of the Rules and Regulations of the Board of Health, and it failed to complete Section V-Part III of the application as to Site Acquisition Costs which it claims was $3,773,000. TPI claims these were serious omissions. The record shows that the application of FHCVB was received, and the review cycle began on March 10, 1987. Section 7.3 of the Regulations provides that all questions on the application must be answered to the satisfaction of the Commissioner. The Commissioner must have been satisfied with the answers on the application in order to commence the review cycle, and although the Hearing Officer found that the application should have included Site Acquisition Costs, she recommended approval of the COPN. The Court rules that the omissions in the application were not material mistakes and do not constitute an amendment or significant change to the application.

TPI's second ground claims FHCVB understated its capital costs by more than ten percent, and therefore resubmission of the application is required as provided by Section 7.8 of the Regulations. TPI argues that the Site Acquisition Cost was $3,773,000; however, there is nothing in the record to properly establish that figure as being correct. FHCVB's parent corporation purchased land and a building for $2,224,000; however, there is nothing in the record to show that it intends to convey the property to FHCVB. The development costs as stated in the application and the charges for the project were found by the Hearing Officer to compare favorably to those of other projects. The Court rules that TPI has failed to demonstrate that the project cost is substantially higher than that indicated in the application, and resubmission of it is not justified.

TPI claims as its third ground the charge that FHCVB willfully or recklessly misstated or omitted information in its application, and in accordance with Section 32.1-102.4(C)(3), the COPN should be revoked. The Hearing Officer found that there was no evidence in the record

to substantiate TPI's claim that FHCVB attempted to consciously deceive the Department about the cost of its project. The Court, having reviewed the record, cannot say that a reasonable mind would necessarily come to a different conclusion. TPI has failed to establish that FHCVB "willfully and recklessly misrepresented intentions or facts in obtaining a certificate."

The fourth and final ground relied upon by TPI is that the COPN award was inconsistent with the State Health Plan (SHP) and the State Medical Facilities Plan (SMFP) because (a) the Commissioner made its evaluation of access on a city-by-city basis instead of a planning district basis, (b) the record shows that the location of the project moves beds away from the majority of the residents of the City of Chesapeake, (c) the project will result in additional beds in the planning district, and (d) the project is not financially feasible. The Commissioner found that this was not a case of increasing the number of beds in the planning district but rather a transfer of beds within the planning district, that the project would improve access for Chesapeake and Virginia Beach residents and the project is financially feasible. There is substantial evidence in the record to support the Commissioner's decision, and the Court rules that the award of the COPN was not inconsistent with the SHP and the SMFP.

The Court concludes that TPI has failed to establish that it was a party showing good cause. It has no standing to prosecute this appeal, and it is dismissed.